## STATE COURT OF APPEALS—Continued

No. 168
FINNISH ASSN. v. ELK
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5190 Decided Sept. 15, 1924.
958. PROMISSORY NOTE—Maker liable thereon, whether or not money loaned is that of payee.
VICKERY, P. J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Ingrid Elk, Treasurer of the Finnish Socialist Branch of Chicago, had loaned the Cuyahoga Finnish Association of Cleveland $700; for which Elk was given a promissory note, payable in 30 days after demand. Elk recovered a judgment in the Municipal Court of Cleveland for the full amount together with interest and costs.

In the Court of Appeals on prayer to reverse judgment of the lower court, the Cleveland branch claimed that the Chicago branch had the money loaned as a sort of trustee. They (Chicago Branch) had seceded from the control of the national socialistic party and therefore were not real parties in interest.

The Court of Appeals held:

Even though money did not belong to the Chicago branch as alleged by the Cleveland branch, the Chicago Association could recover, they being payee. The contract was within the four corners of the note and as evidenced by that, the Cleveland branch was liable to Elk.

Judgment affirmed.

Attorneys—Paul Stowe, for Cleveland Branch; Wayne Miller, Bartholomew, Leeper & McGill, for Elk; all of Cleveland.

---

No. 169
PIERSON v. MOONEY
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1236. Decided Dec. 12, 1924.
683. JURY—Questions as to market value of injured land before and after the trespass, and as to conflict of evidence, are for jury to determine.
ALLREAD, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

L'Derrie Mooney brought an action for damages, for trespass, against David Pierson, in the Franklin Common Pleas; Mooney claimed that Pierson had entered her lot, destroyed certain trees, made certain excavations and built a roadway diagonally across the lot. Pierson contended that he owned an adjoining lot and thought at the time he built said roadway it was upon his own property. No wilful, and malicious trespass resulted therefrom. Pierson, in the trial court, objected to testimony, that Mooney had intended to build a home on the lot. He requested the court to charge the jury to the effect, that the measure of damages was the difference in the fair market value before and after the trespass had been committed. Judgment for $700 was returned on the verdict.

The Court of Appeals held:

Even though the lower court might have erred in admitting evidence of Mooney's intention of building on the lot, it was of no avail, for the court charged the jury as requested, in regards to the damages.

Conflict of evidence, as to the value of destroyed trees, was a question for the jury, as was the determination of the difference between the land before and after the injury.

The Court is unable to find the verdict so manifestly excessive as to disturb it; inasmuch as the jury, and not this court, had the opportunity of judging the credibility of witnesses. Judgment affirmed.

Attorneys—John A. Conner and A. H. Mosier, for Pierson; Vorys, Sater, Seymour & Pease, for Mooney; all of Columbus.

---

No. 170
HERTLEIN v. ENNIS
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1237. Decided Dec. 12, 1924.
1134. SUMMONS—Witness immune from service in another case.
BY THE COURT.

### Epitomized Opinion
Published only in Ohio Law Abstract

Ennis was a non-resident of the state and voluntarily attended a trial in Franklin County, as a witness. While in attendance as such, he was served with another summons, in another case brought against him in said court by Hertlein. Ennis moved to quash the service on the ground that he was immune from such service. The trial court sustained the motion.

The Court of Appeals held in this case:

That suitor or party having an interest in a case is exempt from service of summons during the time he is necessarily in attendance in the trial of his case, and this immunity also extends to witness. Barber v. Knowles. 77 OS 81.

Service of summons was properly quashed, Judgment affirmed.

Attorneys—F. S. Monnett for Hertlein; Watson, Davis and Stouffer for Ennis; all of Columbus.